UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AARON JAMES KNOX HOWES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-cv-00802 ) Judge Trauger |
| WILLIAMSON COUNTY JAIL, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

Aaron James Knox Howes, an inmate at the Williamson County Jail in Franklin, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed without prepaying fees and costs. (Doc. No. 2.) The complaint is before the court for an initial review under the Prison Litigation Reform Act.

**I.      Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper (Doc. No. 2) reflects that he cannot pay the full filing fee in advance, so the application will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

**II.     Initial Review**

The court must dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1). The court must also liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

The plaintiff alleges that, on September 19, 2021, a sheriff's deputy stole his unspecified personal property from a sealed bag at the Williamson County Jail. (Doc. No. 1 at 4.) The plaintiff values this property over one thousand dollars, and he alleges that it "contained some personal information." (*Id.*) The plaintiff requests to be reimbursed for the value of the property and awarded ten thousand dollars in damages. (*Id.* at 5.)

### B. Legal Standard

To determine whether the complaint fails to state a claim on which relief may be granted, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Discussion

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

The Due Process Clause of the Fourteenth Amendment prohibits public officers from unlawfully taking a person's property. However, "[t]he unauthorized, intentional deprivation of a

2

Case 3:21-cv-00802   Document 6   Filed 10/28/21   Page 2 of 3 PageID #: 22

prisoner's property does not give rise to a due process claim if the state provides an adequate post-deprivation remedy." *Weatherspoon v. Woods*, No. 16-1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). "[T]he state of Tennessee does provide an adequate post-deprivation remedy for takings of property." *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) (citing *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985)). And so, for the plaintiff to state a claim based on the sheriff's deputy allegedly taking his property, he must allege either "that he attempted a[] post-deprivation remed[y]," or that the post-deprivation remedy was "inadequate." *See id.*

Here, the available remedy provided by the state appears to consist of filing a tort claim in state court. *See Daily Servs., LLC v. Valentino*, 756 F.3d 893, 906 (6th Cir. 2014) (quoting *Zinermon v. Burch*, 494 U.S. 113, 128 (1990)) ("In *Parratt* and *Hudson*, 'postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide.'"). The plaintiff does not allege that he attempted this (or any other) remedy provided by the state, or that the remedy is inadequate. Accordingly, the plaintiff fails to state a claim under Section 1983. *See McMillan*, 136 F. App'x at 820; *Weatherspoon*, 2017 WL 3923335, at *3.

### III. Conclusion

For these reasons, this action will be dismissed, and the court will certify that any appeal in this matter would not be taken in good faith. The court, therefore, will not grant the plaintiff leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge